UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FREDERICK ACKER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-1070 (CFD) |
| | : | |
| AMERICAN SECURITY INSURANCE | : | |
| CORPORATION, | : | |
|     Defendant. | : | |

**RULING ON MOTION TO DISMISS**

On June 7, 2010, the plaintiff, Frederick Acker ("Acker"), filed a complaint in Bridgeport Superior Court alleging breach of contract, a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), against the defendant, American Security Insurance Corporation ("American Security"). On July 7, 2010, the defendant removed the case to federal court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The defendant now moves to dismiss Counts Two and Three, as well as the plaintiff's prayer for punitive damages and attorneys' fees. For the reasons that follow, the motion to dismiss is granted.

**I.    Factual Background**[1]

Frederick Acker held a homeowner's insurance policy, No. ARL21002545760, issued by American Security. On August 6, 2009, Acker made a claim under the insurance policy for damage to his barn that was allegedly caused by a violent storm on July 31, 2009. After investigating the claim, American Security denied coverage of the claim on September 15, 2009.

---

[1] These facts are taken from the allegations of the plaintiff's complaint. The allegations must be assumed true for the purpose of resolving the motion to dismiss.

Acker alleges that he was in full compliance with the terms of his policy, including timely payment of his premiums, and that, by denying his claim, American Security breached its insurance agreement with him. Acker further alleges that American Security refused to respond to his inquiries and requests "during a crucial time," that American Security did not make a settlement offer or proposal, and that American Security failed to communicate with him following its initial investigation of his claim.

## II. Discussion

### A. Motion to Dismiss Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

### B. Count Three: CUIPA

In Count Three, Acker alleges that American Security violated the CUIPA, Conn. Gen. Stat. § 38a-815 *et seq.*, by refusing to cover his claim, failing to make a settlement offer or proposal, and failing to communicate with him after conducting its initial investigation of his

claim. CUIPA provides, in relevant part: "No person shall engage in this state in any trade practice which is defined in section 38a-816 as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . . ." Conn. Gen. Stat. § 38a-815.

As a threshold matter, the Second Circuit has held that there is no private cause of action under CUIPA. See Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 119 n.7 (2d Cir. 2001). A plaintiff, however, may bring a CUTPA claim based on CUIPA, also known as a "CUIPA through CUTPA claim." See Mead v. Burns, 509 A.2d 11, 17–18 (Conn. 1986).

"In order to sustain a CUIPA cause of action under CUTPA, a plaintiff must allege conduct that is proscribed by CUIPA." Nazami v. Patrons Mut. Ins. Co., 910 A.2d 209, 213 (Conn. 2006). "[A] claim under CUIPA predicated upon alleged unfair claim settlement practices in violation of § 38a-816(6) requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice." Lees v. Middlesex Ins. Co., 643 A.2d 1282, 1285 (Conn. 1994); see Aguilar v. United Nat'l Ins. Co., 825 F. Supp. 456, 458 (D. Conn. 1993); Falit v. Provident Life & Accident Ins. Co., No. 3:09cv1593, 2010 WL 2710478, at *2 (D. Conn. July 7, 2010) ("It is well settled that a denial of a single claim cannot form the basis of a CUTPA/CUIPA claim, even if the denial involved multiple unfair acts.").

Here, Acker alleges in Count Three that American Security refused to pay him for his loss or "or even make an offer or proposal to resolve" his claim. Acker, however, does not allege that American Security's acts were part of a general business practice. Rather, Acker only alleges conduct by American Security as it relates to *his* claim. Acker asserts that his CUIPA claim does not rely exclusively on unfair insurance settlement practices in violation of Conn. Gen. Stat. §

38a-816(6), but rather is a broader bad faith claim. Therefore, Acker claims that he does not have to establish a general business practice. See McNeill & Assocs., LLC v. Continental Cas. Co., 2010 WL 4456875, at *5 (D. Conn. Nov. 1, 2010) (noting that of the sixteen categories of CUIPA violations, only Conn. Gen. Stat. § 38a-816(6) requires express proof of a general business practice). Acker's complaint, however, does not assert any CUIPA violation other than American Security's failure to make a settlement offer. Because Acker does not allege that American Security's acts were part of a general business practice, the defendant's motion to dismiss Count Three is granted.

C.  Count Two: CUTPA

In Count Two, Acker alleges that American Security violated CUTPA, Conn. Gen. Stat. § 42-110a *et seq.*, by denying his claim and refusing to respond to his inquiries and requests during a "crucial time."

CUTPA prohibits individuals from engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. Conn. Gen. Stat. § 42-110b(a). "It is well settled that in determining whether a practice violates CUTPA, the following criteria are to be employed: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businessmen]." Web Press Servs. Corp. v. New London Motors, Inc., 525 A.2d 57, 64 (Conn. 1987) (internal quotations omitted).

"In order for an independent CUTPA claim to survive dismissal of a CUIPA through CUTPA claim based on the same underlying conduct, a plaintiff must elaborate on that conduct to show an independent violation of CUTPA." L.A. Limousine, Inc. v. Liberty Mutual Ins. Co., 509 F. Supp. 2d 176, 183 (D. Conn. 2007). Here, Acker alleges no conduct in Count Two that is independent of its allegation of unfair settlement practices in Count Three. Although Acker relies on American Security's alleged failure to respond to its inquiries in Count Two, as opposed to American Security's failure to make a settlement offer in Count Three, Acker's claim still falls within the statutory framework of CUIPA. Specifically, CUIPA covers claims of an insurer's failure "to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies." Conn. Gen. Stat. § 38a-816(6)(b). Thus, because Acker's CUTPA claim is not independent of CUIPA and Acker does not allege a general business practice by American Security, Acker has failed to state a claim upon which relief can be granted. See Mead, 509 A.2d at 18–19 (holding that "isolated instances of unfair insurance settlement practices" are insufficient to bring a claim under CUTPA). Accordingly, American Security's motion to dismiss Count Two is granted.

### III. Conclusion

Accordingly, the defendant's motion to dismiss Counts Two and Three of the Complaint [Dkt # 11] is GRANTED.

SO ORDERED this 22nd day of December 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**